PHILLIP A. TALBERT
Acting United States Attorney
MICHAEL D. ANDERSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:21-MJ-00007 |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: DISSEMINATION OF DISCOVERY DOCUMENT AND/OR INFORMATION SUBJECT TO A PROTECTIVE ORDER |
| v. | |
| GARY STEPHEN MAYNARD, | |
| Defendant. | |

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED among the parties and their respective counsel, as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2. This Order pertains to all discovery provided to and/or made available to defense counsel as part of discovery in this case (hereafter, collectively known as "the discovery").

3. Discovery in this matter contains personal identifying information, and data relevant to ongoing investigations.

4. The parties request a protective order with regard to the discovery because disclosure of the personal identifying information and other sensitive data could result in identity theft, invasion of privacy, resulting financial loss, the compromise of ongoing investigations, and threats to witnesses.

5. The parties request the Court's order in this matter because the sensitivity of third-parties' personal identifying information (hereinafter, "PII") and other data discussed here requires special protection.

6. Further, the parties request that the Court permit the government to provide in discovery pursuant to this order sealed search warrant affidavits and other sealed process from the the investigation of the Defendant.

A. **Provisions Pertaining to All Discovery**

7. Defense counsel shall use the discovery solely for the legal representation of the defendant and not disclose any of the discovery and/or information to any person and/or entity other than their respective defendant/client, and/or witnesses that they may be interviewing and/or preparing for trial and/or attorneys, law clerks, paralegals, secretaries, experts, consultants and/or investigators involved in the representation of defense counsel's defendant/client in this case.

8. The discovery and/or information therein may only be used in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States Government. Defense counsel will return the discovery to the Government or certify that it has been shredded and/or deleted at the conclusion of the case, except that Defense counsel may keep one copy for its own files, subject to the security restrictions stated in this document.

9. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

10. If defense counsel make, or cause to be made, any further copies of any of the discovery, defense counsel will inscribe the following notation on each copy: "U.S. Government Property; May Not be Used Without U.S. Government Permission."

11. If defense counsel releases custody of any of the discovery and/or information, and/or authorized copies thereof, to any person and/or entity described in paragraph 7, defense counsel shall provide such recipients with copies of this Order and advise that person that the discovery is the property of the United States Government, that the discovery and

STIPULATION AND [PROPOSED] PROTECTIVE ORDER  2

information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the discovery may constitute a violation of law and/or contempt of court.

12. Discovery materials, while in the custody and control of the defense attorney, may be reviewed by the defendant represented by a defense attorney, licensed investigators employed by the defense attorney, and any other individuals deemed necessary by the defense attorney.

### B. Additional Provisions Regarding Discovery Containing PII

13. Defendant is prohibited from copying materials or maintaining personal copies of any materials containing PII, including but not limited to written document and audio or visual records, and shall be prohibited from transporting any of these materials that contain PII to his cellblock. However, the defendant may be provided with and maintain a personal copy of such documents if defense counsel first redacts any PII from the materials. This redacted discovery remains subject to all other provisions set forth in this stipulation.

### C. Defense Counsel Obligation to Inform of the Protective Order

14. Defense counsel shall each be responsible for advising defense counsel's defendant/client, employees and other members of the defense team and defense witnesses of the contents of this Stipulation and Order.

IT IS SO STIPULATED.

Dated:  November 8, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ Michael D. Anderson
MICHAEL D. ANDERSON
Assistant United States Attorney

Dated:  November 8, 2021                          /s/ Hannah Labaree
                                                  HANNAH LABAREE
                                                  Counsel for Defendant
                                                  GARY STEPHEN MAYNARD

### [PROPOSED] ORDER

For good cause shown, the stipulation of counsel in criminal case number 3:21-MJ-00007, is approved and

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: _____          _____
                                         THE HONORABLE CAROLYN K. DELANEY
                                         UNITED STATES MAGISTRATE JUDGE