HEATHER E. WILLIAMS, #122664
Federal Defender
HANNAH LABAREE, #294338
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710


Attorney for Defendant
GARY STEPHEN MAYNARD

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>GARY STEPHEN MAYNARD,<br><br>  Defendant. | Case No. 2:21-cr-224 TLN<br><br>**MOTION TO REOPEN DETENTION DETENTION HEARING PURSUANT TO 18 U.S.C. § 3142(f)**<br><br>Date:   December 20, 2021<br>Time:   2:00 p.m.<br>Judge:  Hon. Jeremy D. Peterson |

Mr. Maynard moves the Court to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f) to consider new information material to the issue of detention or release. He asks the Court to order him released to the residence noted below, pursuant to 18 U.S.C. § 3142(a)(2) with an unsecured bond co-signed by his close friend and under an additional conditions proposed by Pretrial Services.

**I.    Procedural History**

Prior to Mr. Maynard's initial appearance on August 10, 2021, the government moved for detention via written filing. CR 5. Upon request by defense counsel, the detention hearing was

delayed by one day. CR 6. At the further hearing, the government continued to move for detention, defense counsel submitted on the issue and Mr. Maynard was ordered temporarily detained. CR 8. Mr. Maynard was not interviewed by Pretrial Services before his initial detention hearing. He was detained as both a danger and a flight risk by Magistrate Judge Dennis M. Cota[1].

On September 9, 2021, the defense filed a motion to reopen bail pursuant to 18 U.S.C. § 3142(f). At that hearing, Mr. Maynard sought his release on an unsecured bond co-signed by his father, to be released to a room and board in Sacramento, and pursuant to any conditions the Court thought were necessary to reasonably assure it of Mr. Maynard's future appearance. CR 18.

At the September 13th hearing, the Magistrate Court ordered Mr. Maynard released on a $25,000 unsecured appearance bond, and on special conditions of release as delineated on the record by Pretrial Services. CR 19; *and see* Exh. A (Transcript of 9/13/2021 hearing). The government requested a stay of the order of release and the Court granted a stay until September 17. CR 19.

Due to intervening circumstances, the nature of which are subject to attorney-client privilege, the defense withdrew its motion on September 13, 2021. CR 22. The order of release was revoked. CR 24.

Mr. Maynard now moves to reopen the detention hearing based on information not known at the previous hearing which is material to the determination under the Bail Reform Act at 18 U.S.C. § 3142 et seq. Specifically, Mr. Maynard proposes a friend[2] as the co-signer on a $25,000 unsecured bond, and asks for release to a room and board in Sacramento (details provided to the Pretrial Services Officer). This bond option was not available at the time of the previous motion, and bears materially on the issue of flight risk. Mr. Maynard also proposes his release onto effective home detention to be enforced by an ankle monitor, as well as on other conditions as detailed below.

---

[1] The transcript of 8/11/2021 proceedings make clear that this was the judge's ruling, but the written detention order at CR 10 only denotes the "flight risk" prong as the basis for detention.
[2] Undersigned counsel will provide their name and contact information to Pretrial Services.

//

## II. Legal Argument

(i) *Legal Standard Regarding Risk of Flight Pursuant to 18 U.S.C. § 3142(f)(1); Argument*

This is not a presumption case. It is the government's burden to produce evidence in the first instance demonstrating by a preponderance of the evidence why Mr. Maynard poses a risk of nonappearance that cannot be mitigated by conditions of release. *Id.* at 1407.

Mr. Maynard is 47 years old. He has spent his professional life in higher education. As he described to the Pretrial Services Officer during his interview on September 8, 2021, he obtained a Bachelor's degree in Alaska and a PhD in Sociology out of Stony Brook University in New York. He has held employment as a professor[3] at various colleges in New York, Ohio, Tennessee, Michigan, and most recently, in California. It is the nature of the academic field that, pre-tenure, job opportunities arise across the country, and Mr. Maynard's career has followed that trajectory. His most recent employment was this past spring (2021): he taught a course at Chapman University in Orange, California and a course at Monterey Peninsula College.

Mr. Maynard has the financial and emotional support of a friend who is willing to co-sign an unsecured appearance bond on his behalf. With the help of the Federal Defender's Office, Mr. Maynard has identified a stable release residence in Sacramento, at a reputable room and board with whom the social work team at the Federal Defender Office has a prior relationship, and which has a room available. The owner of the room and board is aware of Mr. Maynard's

---

[3] Mr. Maynard's reviews on "RateMyProfessor.com" are nearly uniformly positive. *See, e.g.,* https://www.ratemyprofessors.com/ShowRatings.jsp?tid=838126 (Stony Brook University, New York) ("I feel that I have learned the most from his class than any other course I have taken in college. Professor Maynard is excellent! He really cares about his students, and there is never a dull moment in his class.You'll look forward to going. If you have the opportunity to take a class with this guy do not miss it! Best professor I've had.") (May 13, 2011); *and see* https://www.ratemyprofessors.com/ShowRatings.jsp?tid=983898 (Molloy College, New York); https://case.ratemyprofessors.com/ShowRatings.jsp?tid=2201611 (University of Michigan-Flint); https://www.ratemyprofessors.com/ShowRatings.jsp?tid=2397405 (Delta College, Michigan).

pending charges. Mr. Maynard's friend who will co-sign the bond is also willing to cover the monthly rent until Mr. Maynard is able to apply for unemployment[4] and get back on his feet after his time in custody.

Mr. Maynard has no record of failures to appear in court.

In the case of future court appearances, Mr. Maynard can rely on public transportation[5] to travel from the proposed release location to the Federal Defender Office, where he can use the office technology to make his appearances via videoteleconference, or to the federal court house, to make in-person appearances. Alternatively, he will obtain a smartphone device that is able to support the Zoom application (as well as facilitate regular contact with Pretrial Services).

As noted at footnote 6, Mr. Maynard does not have access to a vehicle and will be, in a practical sense, bound to the Sacramento area while on Pretrial release. In addition, this Court may impose a curfew to be enforced by location monitoring. This would allow Pretrial Services to track Mr. Maynard's whereabouts and ensure that any deviation from the curfew hours be caught quickly.

Any perceived risk as to Mr. Maynard's nonappearance in Court is conjecture. To the extent that this Court harbors doubt about the reasonable assurances that he will appear as ordered, the unsecured bond should mitigate any such risk.

B. *Legal Standard Regarding Risk of Danger Pursuant to 18 U.S.C. § 3142(f)(1); Argument*

Because this is not a presumption case, it is the government's burden in the first instance to identify the specific future danger posed by Mr. Maynard's release, and the reasons why any such danger cannot be mitigated by conditions of release so to reasonably assure this Court of the

---

[4] As of the writing of this motion, it is unclear what opportunities Mr. Maynard will have for college-level teaching work if released from custody.
[5] Mr. Maynard's car was seized at the time of arrest as evidence in the instant case.

safety of the community. They must bear this burden by clear and convincing evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985); *and see* 18 U.S.C. sec. 3142(f).

To show that preventive detention is the only option available to protect the community, the government must demonstrate an articulable future danger posed by Mr. Maynard's release. *See United States v. Salerno*, 481 U.S. 739, 750–51 (1987) (finding preventive detention constitutional only because of the strict standard detailed under the Bail Reform Act); *and see United States v. Munchel*, 2021 WL 1149196, at *7 (D.C. Cir. Mar. 26, 2021) (identifying this standard as the "crux of the constitutional justification for preventive detention under the Bail Reform Act.").

This Court must hold the government to their burden. Such a claim must be supported by clear and convincing evidence that Mr. Maynard actually poses a danger, not that he in theory poses a danger. *See United States v. Patriarca*, 948 F.2d 789, 792 (1st Cir. 1991); *and see, e.g., United States v. Marquez*, 2018 WL 4773152 (N.D. Cal. 2018) (gun sale defendant no longer danger because guns were seized); *United States v. Miller*, 2018 WL 6977619 (S.D. Fla. 2018) (once drug dealer was arrested, other drug dealers avoid him). Such a showing must be fact-based and specific. *See United States v. Motamedi*, 767 F.2d at 1407 ("Further, a finding of danger to the community is likely to involve more specific and quantifiable evidence than is a finding of risk of flight…. Such data is not often available regarding the risk of flight. Thus, it is wholly feasible for the Government to satisfy the higher burden in showing danger to the community.").

In the instance that the Court finds that the burden has been met, that is not the end of the inquiry. In Mr. Maynard's case there are conditions that can be fashioned to reasonably assure the Court of the safety of the community or any one person. It is also critical to note that Mr. Maynard has spent over four months in custody since the date of his arrest. This is the longest he

has ever been incarcerated. The produced discovery in his case includes a significant amount of multimedia that he is unable to have in his possession for review in Jail. He is incentivized to remain in compliance with the terms of his Pretrial Release and remain out of custody so to work with his legal team and defend himself against the charges in the indictment.

As to conditions of release, **first,** Mr. Maynard will be housed in Sacramento at a rental facility with whom the Federal Defender's Office has a professional relationship. That housing plan offers Mr. Maynard security and consistency during the pendency of his criminal case. The same friend who is willing to sign an unsecured bond has offered to assist with the rent until Mr. Maynard can secure other means of income.

**Second,** Mr. Maynard's presence at that home can be monitored by Pretrial Services through the use of ankle monitor technology and the imposition of a curfew or home detention. Such a condition will assure this Court that Mr. Maynard will be closely tracked while on release.

**Third**, Mr. Maynard does not have access to a car nor any means to procure one. He will thus be tethered to the Sacramento area (if not specifically to his rental unit). Standard conditions of release out of this district include the restriction of travel to the Eastern District; here, this Court could choose to impose a more restrictive area permitted for travel.

**Fourth**, the Federal Defender's Office and Pretrial Services can assist Mr. Maynard in obtaining access to counseling or other supportive services, to assist him in maintaining stability during the pendency of these charges and thus further assure this Court that any perceived risk may be mitigated, and that preventive detention is the "least restrictive" condition necessary to protect the community.

//

//

### III. Conclusion

Conditions are available to this Court to reasonably assure the safety of the community upon Mr. Maynard release: namely, his release into secure housing, on ankle monitor and other Pretrial Services conditions, and an unsecured bond. "The government's burden of proof is not trivial…. [T]he government must prove that *no combination of conditions* can reasonably assure the safety of the community and the appearance of the defendant." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. California, June 18, 1992) (emphasis added).

Mr. Maynard is respectfully requesting his release from custody onto pretrial release. Mr. Maynard will be able to apply for unemployment insurance as well as EBT assistance (food stamps). With these resources in addition to those provided by the friend as mentioned above, he can support himself. His appearance is to be secured by an unsecured appearance bond co-signed by a friend. He will reside at the address of the room and board, as provided to Pretrial Services.[6] In addition, Mr. Maynard is willing to comply with any conditions this Court deems necessary to reasonably assure the safety of the community and Mr. Maynard's future appearance, including, but not limited to, those proposed above.

Pretrial incarceration is not the "least restrictive further condition, or combination of conditions" necessary to accomplish this goal. *See* 18 U.S.C. § 3142(c)(1)(B).[7]

---

[6] For the privacy of the room and board residents as well as Mr. Maynard, undersigned counsel prefers not to file that address on the public record.

[7] The Bail Reform Act sets forth a non-exclusive list of possible conditions to be imposed by this Court: (i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;
(ii) maintain employment, or, if unemployed, actively seek employment;
(iii) maintain or commence an educational program;
(iv) abide by specified restrictions on personal associations, place of abode, or travel;
(v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;
(vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
(vii) comply with a specified curfew;
(viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;

Respectfully Submitted,

HEATHER E. WILLIAMS
Federal Defender

Dated:  December 13, 2021            /s/ *Hannah Labaree*
                                     HANNAH LABAREE
                                     Assistant Federal Defender
                                     Attorney for GARY MAYNARD

---

(ix) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner;

(x) undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;

(xi) execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may require;

(xii) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond;

(xiii) return to custody for specified hours following release for employment, schooling, or other limited purposes; and

(xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

18 U.S.C. § 3142(c)(1)(B)(i).